**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 20, 2011

Lyle W. Cayce
Clerk

No. 11-40103
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BLAS ALVARADO FRIAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2047-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Blas Alvarado Frias was arrested after his car was found at a United States Border Patrol checkpoint in Laredo, Texas, to contain 47.95 kilograms of marijuana. He appeals his resulting convictions and sentences for conspiring to possess with the intent to distribute marijuana and aiding and abetting the importation of marijuana.

Frias challenges the sufficiency of the evidence supporting his convictions. He argues that the Government did not prove he was aware of the marijuana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and thus failed to prove that he knowingly committed the offenses. As Frias preserved his argument, we review the record to determine if a reasonable trier of fact could have concluded that the elements of the offense were established beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

Because the marijuana in Frias's vehicle was in a hidden compartment, the Government was required to present evidence in addition to Frias's control of the vehicle, to establish that he knew or was deliberately ignorant of the drugs. *See United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008). The Government met that burden. *See id.*; *United States v. Martinez-Mercado*, 888 F.2d 1484, 1491 (5th Cir. 1989). Frias inconsistently explained his travel plans and ownership of the vehicle. His car was exceptionally clean, contained air fresheners, and had an obvious after-factory compartment in the trunk. Frias was aware of the compartment, but had not looked inside despite the fact that he was paid by another individual to drive the car across the border. He suggested without prompting that the compartment could hold marijuana, and he was nervous when his car was searched. Finally, it is unlikely that a third party would have trusted an uninformed individual to carry that amount of marijuana.

Frias also complains that the district court erred by sentencing him under 21 U.S.C. §§ 841(b)(1)(C) and 960(b)(3), because his offense involved only 47.95 kilograms of marijuana. Frias should have been sentenced under §§ 841(b)(1)(D) and 960(b)(4). Nevertheless, his sentences and terms of supervised release fall within a correctly calculated guideline range and do not exceed the statutory maximum terms of imprisonment that may be imposed for his offenses. Any violation of Frias's substantial rights falls far short of seriously affecting the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Ellis*, 564 F.3d 370, 378-79 (5th Cir. 2009). Frias's sentences are AFFIRMED. The judgment is REFORMED to reflect convictions and sentences

No. 11-40103

under18 U.S.C. § 2, and 21 U.S.C. § 841(a), (b)(1)(D), 846, 952(a), and 960(b)(4). Those convictions are AFFIRMED as reformed.